IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLIFF DOUGLAS PARKER,<br>    Petitioner, | )<br>)<br>) |
| v. | )   No. 3:16-CV-254-B |
| | ) |
| WILLIAM STEPHENS, Director,<br>TDCJ-CID,<br>    Respondent. | )<br>)<br>) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner has filed a motion for stay and abeyance seeking an extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Federal courts, however, lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland*, 125 Fed. Appx. 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [§ 2255] petition is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'") (*quoting United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); see also *Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a

justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*).

Petitioner is seeking an advisory opinion. There is no adverse party before the Court. Nor is there a concrete dispute for this Court to decide. In essence, the motion for extension of time asks the Court to determine in advance whether Petitioner's federal writ will be time-barred and whether equitable tolling may be available to extend the statute of limitations. The Court lacks subject matter jurisdiction to grant such relief.[1]

II.

For the foregoing reasons, the motion for extension of time should be dismissed for lack of jurisdiction unless Petitioner submits a § 2254 petition on the appropriate form and files a motion to proceed *in forma pauperis* or pays the $5 filing fee within the fourteen-day period for objection to this recommendation, or other deadline set by the Court.[2]

Signed this _____ day of February, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is unable to construe Petitioner's motion as an application for writ of habeas corpus because he does not present any grounds for relief. *See* Rules Governing Section 2254 Cases, Rule 2(a) & (c).

[2] The Clerk of Court shall mail Petitioner (1) a form application to proceed *in forma pauperis*, and (2) a standard form for cases filed under 28 U.S.C. 2254, with the case number included on the form.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).